IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA, )
              Plaintiff, )
v. ) Case No. CIV-05-018-KEW
KING BROTHERS RANCH, )
a partnership d/b/a )
KING BROTHERS FLYING X )
RANCH; et al., )
              Defendants. )

## OPINION AND ORDER

On this 14th day of January, 2008, this Court had set for hearing before it three Motions to Confirm Marshal's Sale with regard to certain real property which is the subject of this foreclosure action identified as Tracts 1, 2, and 3. As is common for these type of hearings, no one appeared before the Court. However, on January 11, 2008, Plaintiff United States of America filed a document entitled, "Notice to This Court," wherein Plaintiff informed this Court that Gale Lewis King and Rosemarie King, a/k/a Rosmarie King (the "Debtors"), both parties to this action, filed for protection under the United States Bankruptcy Code on January 10, 2008. Upon contacting the United States Bankruptcy Court for this District, it has been determined the named Defendants in this action filed for relief under Chapter 13 of the United States Bankruptcy Code under their individual names, doing business as King Brothers Ranch (Bankr. Case No. 08-80013).

Plaintiff also states in the Notice that the bankruptcy estate

does not include the subject real property, citing the case of <u>In re Snow</u>, 94 B.R. 198 (Bankr. N.D. Okla. 1988). Presumably, through this statement, Plaintiff is contending that the confirmation of the sale of the property may proceed without delay or recognition of the stay effected by the filing of the bankruptcy petition. This Court disagrees with this position.

The bankruptcy court in <u>Snow</u> did indeed find that the right of redemption held by the mortgagor ends with the sale of the property, not with the confirmation of the sale, citing to the case of <u>Payne v. Long-Bell Lumber Co.</u>, 60 P. 235, 238 (Okla. 1900). <u>Snow</u>, 94 B.R. at 199. However, this position set forth in <u>Payne</u> was reversed in the subsequent case of <u>Sooner Federal Savings and Loan Assoc. v. Okla. Central Credit Union</u>, 790 P.2d 526 (Okla. 1989), wherein the Oklahoma Supreme Court recognized that

> A borrower or any other person (i.e., subordinate lender, owner) having an interest subject to a lien has a right of redemption that is not extinguished at the time of sale but extends until the order of sale is confirmed. This is so because by statute a judicial sale on foreclosure is neither conclusive nor binding in the sense of transferring legal title to the purchaser until it is effectively confirmed [pursuant to Okla. Stat. tit. 12 § 765]. We acknowledge that there are early post-statehood cases which seem to hold to the contrary. Insofar as these authorities are in discord with today's pronouncement, they are to be viewed as overruled by or more recent decisions.

<u>Id</u>. at 529. (Bracketed information added by this Court).

Moreover, other case authority from bankruptcy courts in this state hold to the contrary of <u>Snow</u> in light of this change in

2

position by the Oklahoma Supreme Court. See, In re Faulkner, 240 B.R. 67 (Bankr. W.D. Okla. 1999). In light of the law of this State which controls the Debtors' property rights, this Court finds it cannot confirm the sale with the Debtors' bankruptcy pending and without evidence of modification of the automatic stay to permit the confirmation.

IT IS THEREFORE ORDERED that the Motions to Confirm Marshal's Sale of Tracts 1, 2, and 3 filed December 13, 2007 (Docket Entry Nos. 132, 134, and 136, respectively) are hereby **STAYED**, pending modification of the automatic stay to permit this action to proceed or the dismissal of the Debtors' bankruptcy petition. The hearing to consider the Motions is hereby **STRICKEN**. Plaintiff shall inform this Court by filing an appropriate notice of any activity in the Debtors' bankruptcy case which impacts upon this case.

IT IS SO ORDERED this 14th day of January, 2008.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE